## Commonwealth v. Horcher

*William Coghlan*, assistant district attorney, for Commonwealth.

*Morgan H. Sohn*, for defendant.

WILSON, J., March 20, 1940 (orally)—The case of Commonwealth v. Joseph Horcher, at no. 103, March sessions, 1940, has been properly submitted to us for trial without a jury.

The indictment in this case charges defendant, in the first count, with failure to keep records on the licensed premises and, in the second count, with failure to permit inspection.

This indictment is brought under paragraphs XX and XXI of section 23 of the Beverage License Law of June 16, 1937, P. L. 1827, being an amendment to the Act of July 18, 1935, P. L. 1217, entitled, "An act to regulate and restrain the traffic in malt and brewed beverages".

Paragraph XX of section 23, provides, in part, as follows, continuing with unlawful acts:

"For any [licensee] . . . to fail to keep on the licensed premises, for a period of . . . two years, such complete and truthful records, as the board may prescribe . . .".

There being no evidence in this case to require our consideration of paragraph XX, for the failure to keep records, we will dismiss the first count in this indictment.

Paragraph XXI, continuing with penalties, provides as follows:

"For any licensee, or his servants, agents or employes, to refuse the board, or any of its authorized employes, the right to completely inspect the entire licensed premises at any time during which the premises are open for the transaction of business."

Under section 30 of this act, penalties are provided that, for the first offense, if found guilty, the fine shall be not less than $100 and, if not paid, imprisonment for a term of not more than three months.

Paragraph (*b*) of section 30 provides that:

"Upon proof being made that any licensee, or any servant, agent or employe of such licensee, under this act has violated any of the provisions of this act, or regulations of the board, or any of the laws of the Commonwealth relating to liquor, alcohol or malt or brewed beverages, or the payment of tax thereon or the laws of the United States of America relating to the payment of tax on liquor, alcohol or malt or brewed beverages, the board may, in its discretion, revoke or suspend any license issued under this act to any such licensee."

In support of the indictment the Commonwealth called E. L. Abrams and N. G. Feldstein as witnesses. On the part of defendant, he testified in his own behalf and called as a witness Ted Maz.

Following the taking of the testimony, the court listened to argument on the part of defendant and of the Commonwealth.

Under the evidence in this case, we make the following findings of fact:

First: That E. L. Abrams and N. G. Feldstein are and were duly constituted agents of the Pennsylvania Liquor Control Board.

Second: That on December 12, 1939, they went to the premises of defendant, who held a distributor's license for malt liquor, at no. 224 Third Avenue, Aliquippa, in this county.

Third: That, when they arrived at the premises, they found the door locked and through the windows observed defendant sitting at the desk, with a number of small notebooks on the desk before him.

Fourth: That defendant admitted them to the premises; put the notebooks, which were on the desk, in his pocket; when requested to hand them over to the officers, refused; that then a personal struggle ensued, and that defendant left the premises with said notebooks still in his possession.

Fifth: That said officers made an inspection of the premises and an examination of the accounts of defendant, without ever having gained possession of or an opportunity to inspect the notebooks heretofore mentioned.

The matter for determination is whether or not these notebooks are included within the term "premises", as used in paragraph XXI of said act of assembly.

We hold that said papers, if on the premises, are part of the premises in contemplation of law, and are open to the inspection of the agents of the Pennsylvania Liquor Control Board; that it would practically nullify the right of inspection if, upon notice that inspectors were present or about to be present, a licensee could conceal any loose personal property on the premises, and we draw the following conclusions of law:

First: That agents of the Pennsylvania Liquor Control Board have no right to search the person of a licensee.

Second: That, if evidence is found on the licensed premises which shows criminal conduct, outside of offenses against the Pennsylvania liquor law, such evidence cannot be used in a criminal prosecution, but could be used by the Pennsylvania Liquor Control Board in order to refuse a license renewal or, possibly, in a proceeding to revoke a license.

Third: If a licensee is seen to secrete papers upon his person, such papers cannot be taken from his person, but such secreting and refusal to allow inspection of such secreted matter is a failure to permit inspection of the premises, under paragraph XXI, sec. 23, of the Act of 1937.

Therefore, in the case of Commonwealth v. Joseph Horcher, at no. 103, March sessions, 1940, in the Court of Quarter Sessions of Beaver County, charging, in the first count, failure to keep records on a licensed premises and, in the second count, failure to permit inspection of the premises, we return a verdict as follows:

Now, to wit, March 20, 1940, case submitted to us for trial without jury; on the evidence submitted, we find defendant not guilty of the first count, and guilty of the second count, failure to permit inspection of licensed premises.